IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DEBBIE P. WHEELER, Individually <br> and As Next Friend to J.W., a Minor, <br> and LASHAY JAVON WHEELER <br>     *Plaintiffs,* <br><br> VS. <br><br> RIGHT WAY AUTO TRANSPORT, INC. <br> and JOHN ERIC DEPEW <br>     *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br><br> JURY REQUESTED |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs DEBBIE P. WHEELER, Individually and a/n/f to J.W., a Minor, and LASHAY JAVON WHEELER (hereinafter "Plaintiffs"), file their Original Complaint against Defendants RIGHT WAY AUTO TRANSPORT, INC. and JOHN ERIC DEPEW (hereinafter "Defendants"), and in support of her causes of action respectfully shows the Court the following:

### I.
### PARTIES

1.1 Plaintiff Debbie P. Wheeler is an individual citizen and resident of the State of Louisiana, and has been a resident and citizen of Louisiana at all times relevant to this action.

1.2 Defendant JOHN ERIC DEPEW (hereinafter "Defendant Depew") is a natural person, and has been a resident and citizen of the state of Maryland at all times relevant to this action. Although a nonresident of Texas, and although he neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas,

Defendant Depew was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Defendant Depew's business in Texas, specifically torts he committed, in whole or in part, in the Eastern District of Texas. Defendant Depew may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who in turn, can serve Defendant Depew at his last known address, **31 Furrow Ln, North East, MD 21901**, or wherever he may be found

1.3     Defendant RIGHT WAY AUTO TRANSPORT, INC. (hereinafter "Defendant Right Way") is a foreign corporation with its principal place of business in Elkton, Maryland. Although a nonresident of Texas, and although it neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Right Way was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Defendant Right Way's business in Texas. Defendant Right Way may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Right Way through its registered agent in Maryland, **R. E. WRIGHT, 803 BIGGS HWY, RISING SUN, MD 21921**, or wherever he may be found.

1.4     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
## JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of Louisiana and Defendants are all citizens of, are incorporated in, and/or have their principal places of business in, a state other than Louisiana, specifically Maryland, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over each Defendant because each Defendant (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Eastern District of Texas; and/or (2) committed torts, in whole or in part, while within Texas, and specifically within the Eastern District of Texas, and said torts give rise to this action.  Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over defendants does not offend the notions of fair play and substantial justice.

## III.
## VENUE

3.1     Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in Orange, Texas, which lies within the Eastern District of Texas, Beaumont Division.

## IV.
## BACKGROUND FACTS

4.1     On or about June 16, 2021, Defendant Depew was driving an 18-wheeler tractor-trailer owned by Defendant Right Way Auto Transport, Inc. Defendant Depew was

driving westbound on IH-10 in Orange County, Texas. At the same time, Plaintiffs were driving their vehicle westbound on IH-10 in Orange County, Texas. Defendant Depew failed to control his speed and rear-ended another vehicle before crossing into Plaintiffs' lane and striking Plaintiff's vehicle, causing Plaintiffs' vehicle to swerve out of control and strike other vehicles.

4.2 Upon information and belief, Defendant Right Way owned and entrusted the tractor-trailer involved in the collision that forms the basis of this suit to Defendant Depew. Further, upon information and belief, Defendant Depew was acting in the course and scope of his employment with Defendant Right Way at the time of the incident that forms the basis of this suit.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT JOHN DEPEW

**A. Negligence**

5.1 Defendant Depew committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries, and all of Plaintiffs' resulting damages.

5.2 Defendant Depew's negligent acts include, but are not limited to:

a. Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

b. Failing to keep a proper lookout;

c. Failing to timely apply his brakes;

d. Failing to take evasive action;

e. Failing to safely manage the space around his vehicle;

f.  Failing to timely and properly adjust the operation of his commercial motor vehicle to prevailing weather and road conditions;

g.  Driving his commercial motor vehicle while he was asleep and/or fatigued;

h.  Failing to operate the tractor-trailer as a reasonable and prudent professional driver under the circumstances;

i.  Failing to operate the tractor-trailer in accord with generally accepted safety principles and practices of the trucking industry;

j.  Driver inattention, including but not limited to operating the tractor-trailer while being distracted and/or using or attempting to use a mobile device;

k.  Operating a commercial motor vehicle while his ability or alertness was so impaired, or so likely to become impaired, through fatigue, or any other cause, as to make it unsafe for him to continue to operate his vehicle;

l.  Operating a commercial motor vehicle without performing proper pre-check inspections prior to operation;

m.  Failing to properly account for on-duty and off-duty time in his driver logs;

n.  Operating a vehicle which he knew or should have reasonably should have known was in an unsafe condition; and/or

o.  Failing to follow and/or adhere to the safety practices as prescribed by the Federal Motor Carrier Safety Administration Regulations and/or the Texas Commercial Motor Vehicle Handbook.

5.3  Each and all of the above acts and/or omissions constituted negligence and each and all were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiffs herein.

## VI.
### CAUSES OF ACTION AGAINST DEFENDANT RIGHT WAY AUTO TRANSPORT, INC.

**A.   Negligence**

6.1     Defendant Right Way committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries, and all of Plaintiffs' resulting damages.

6.2     Defendant Right Way's negligent acts include, but are not limited to:

    a.  Failure to exercise due care in hiring and/or contracting with Defendant Depew, including its failure to inquire into Depew's qualifications, experience, and history;

    b.  Failure to inquire into and/or test, or failure to exercise due care in inquiring into and/or testing, Defendant Depew's competence to operate a commercial motor vehicle, or lack thereof;

    c.  Failure to monitor, or failure to exercise due care in monitoring, Defendant Depew's competence to operate commercial motor vehicles, or lack thereof;

    d.  Failure to monitor and/or supervise, or failure to exercise due care in supervising, Defendant Depew;

    e.  Failing to properly train Defendant Depew to safely operate commercial motor vehicles;

    f.  Failing to properly supervise Defendant Depew's on-duty activities;

    g.  Failing to implement and/or enforce safety policies and/or procedures to the use of mobile communication devices while driving by truck drivers such as Defendant Depew;

    h.  Failing to properly inspect, maintain, repair, and/or ensure that the vehicle that Defendant Depew was driving to ensure that it was in good working condition; and

    i.  Failing to inspect and/or monitor Defendant Depew's on-duty records.

6.3     The foregoing acts and/or omissions or others on the part of Defendant Right Way constituted negligence that was a proximate cause of the occurrence and Plaintiffs' injuries and damages.

**B.   Vicarious Liability**

6.4   Defendant Right Way is liable under the doctrine of *respondeat superior* for the conduct of Defendant Depew, as his actions occurred while in the course and scope of employment for and on behalf of Defendant Right Way.

6.5   All of the acts of negligence described herein, and as specifically alleged against Defendant Depew were ratified by Defendant Right Way and were the proximate causes of Plaintiff's damages.

6.6   Further, Defendant Right Way authorized, ratified, and/or approved of Defendant Depew's conduct that resulted in the injuries and damages sustained by Plaintiff.

## VII.
### DAMAGES

7.1   As a direct and proximate result of the foregoing events, Plaintiffs have suffered damages in the past, and will continue to suffer damages in the future, as follows:

   a.   Past and future medical expenses;

   b.   Past and future physical pain and suffering;

   c.   Past and future mental anguish;

   d.   Past and future lost wages and loss of earning capacity;

   e.   Past and Future Physical Disfigurement; and

   f.   Past and Future Physical impairment.

7.2   Plaintiffs also seek pre-judgment and post-judgment interest as allowed by law.

## VIII.
### CONDITIONS PRECEDENT

8.1 All conditions precedent to Plaintiffs' rights to recover herein and to the Defendants' liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1 Plaintiff hereby timely files her request for a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## X.
### MISNOMER/ALTER EGO

10.1 In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## XI.
### PRAYER

11.1 Plaintiffs Debbie P. Wheeler, individually and a/n/f to J.W., a Minor, and Lashay Javon Wheeler, pray that Defendant Depew and Defendant Right Way be cited to appear and answer for their tortious conduct, that this case be set for trial, and that Plaintiffs recover a judgment of and from Defendants for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled, at law or equity

Respectfully submitted,

**PARDO & HOMAN, P.C.**

_____
Joel B. Pardo
State Bar No. 24083617
Nick A. Homan
State Bar No. 24083194.
3401 Allen Parkway, Suite 101
Houston, TX 77019
Telephone (281) 584-6670
Facsimile (281) 404-9230
E-Service: contact@pardohoman.com

**THE CHOPIN LAW FIRM LLC**

___/s/ Justin M. Chopin_____
**JUSTIN M. CHOPIN (Tex. 24090829)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Justin Direct:   504-229-6681
Facsimile:       504-324-0640
E-mail:          Justin@Chopin.com

*Attorneys for Plaintiffs*